## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY MUNICIPAL | § | |
| UTILITY DISTRICT NO. 281 and | § | |
| HARRIS COUNTY MUNICIPAL | § | |
| UTILITY DISTRICT NO. 282, | § | |
| | § | |
| *Plaintiffs,* | § | CIVIL ACTION 4:22-CV-3648 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| MUELLER SYSTEMS, LLC, MUELLER | § | |
| SYSTEMS, LLC and MUELLER WATER | § | |
| PRODUCTS, INC., | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 281 and HARRIS COUNTY MUNICIPAL UTILITY DISTRIT NO. 282, and file this First Amended Complaint, and respectfully show the following.

## I.
## THE PARTIES

1. Plaintiff, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 281 ("Plaintiff 281" or "District 281"), is a governmental agency operating under and governed by the laws of the State of Texas. Plaintiff's principal office is located at 1300 Post Oak Blvd., Ste. 2400, Houston, Texas 77056.

2. Plaintiff, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 282 ("Plaintiff 282" or "District 282") (together with District 281, the "Plaintiffs" or "Districts"), is a governmental agency operating under and governed by the laws of the

State of Texas.  Plaintiff's principal office is located at 1300 Post Oak Blvd., Ste. 2400, Houston, Texas 77056.

3.    Defendant, MUELLER SYSTEMS, LLC, is a Delaware limited liability company with its principal office at 10210 Statesville Blvd., Cleveland, North Carolina 27013 or 1200 Abernathy Rd., Suite 1200, Atlanta, GA 30328, ("Mueller Systems") and does business in the State of Texas.  Mueller Systems may be served through its registered agents, CT Corporation System, at 160 Mine Lake Ct., Suite 200, Raleigh, NC 27615 or 289 S. Culver St., Lawrenceville, GA 30046, or Corporation Service Company, at 251 Little Falls Dr., Wilmington, DE 19808.  Mueller Systems has appeared in this action.

4.    Defendant, MUELLER WATER PRODUCTS, INC. ("MWP"), is a Delaware corporation with its principal office at 1200 Abernathy Rd., Suite 1200, Atlanta, GA 30328 and does business in the State of Texas.  MWP may be served through its registered agent, The Corporation Trust Company, at 1209 Orange St., Wilmington, DE 19801.  MWP has appeared in this action.

## II.
## JURISDICTION AND VENUE

5.    This court has original jurisdiction over the subject matter of this case, pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds the minimum jurisdictional requirements.

6.    This Court has personal jurisdiction over Defendants because Defendants consented to jurisdiction of the federal and state courts maintaining jurisdiction over Harris

County, Texas for all purposes of any legal proceedings arising under or relating to the Master Agreements between Plaintiffs and Defendants. *See* Exhibit **A** (Master Agreement) at 5.

7.      Venue is proper in this district because all parties agreed to consent to venue in Harris County, Texas, for purposes of any legal proceedings arising under or relating to the Master Agreements between Plaintiffs and Defendants, *see* Exhibit **A** (Master Agreement) at 5, and because the acts or omissions giving rise to this dispute occurred in Harris County, Texas.

### III.
### FACTUAL ALLEGATIONS

8.      MWP is a manufacturer and marketer of products and services used in the transmission, distribution, and measurement of water in North America.  Mueller Systems is a subsidiary of MWP that markets and sells MWP's water metering products.

9.      On or about January 9, 2017, Mueller Systems' representative, Fred Quintero, presented a pitch to the Districts' board of directors (the "Board") for the purchase and installation of a water meter system that would be the answer to all of the Districts' remote meter reading problems.  Not only would Defendants' water meter system save the Districts time and money by allowing the Districts' operators to read water meters remotely, but Defendants' water meters were just as accurate as traditional water meters— if not more—and promised better efficiency, reliability and leak detection functions.  In fact, during his pitch, Mr. Quintero declared, "You install them and then you don't have to worry about them."  In other words, Mueller Systems promised that the meters were

reasonably fit and suitable for the purpose the Districts intended.  However, Mr. Quintero failed to inform the Districts that Mueller Systems had received numerous return orders for their water systems since at least 2012 and continuing into 2017—material information that the Districts were unable to consider as part of their evaluation of Mueller Systems.

10.    Based on Mr. Quintero's representations (as well as his omissions), Mueller Systems subsequently entered into a written agreement, titled the Mueller Systems Master Agreement, with District 281 on or about February 6, 2017, and with District 282 on or about July 15, 2017 ("Contracts").

11.    Per the Contracts, Mueller Systems was to provide approximately 2,000 residential water metering products, network infrastructure and setup for the equipment, and related software and services to the Districts in exchange for payment.  Moreover, Mueller Systems expressly warranted that its water meters would be "free from defects in material and workmanship" and/or guaranteed to perform to certain American Water Works Association ("AWWA") standards.

12.    The water meters provided by and installed by Mueller Systems were defective and not fit for their intended use.  Beginning in 2019, District 281's operator noticed significant issues with the meters, including but not limited to meters becoming stuck and incorrectly registering water usage levels of Harris County residents.  These issues resulted in lost revenues, increase in customer appeals due to the incorrect estimation of water bills, and the loss of trust from the residents.

13.    District 281 notified Mueller Systems multiple times of the defective water meters and the problems it experienced beginning in 2019.    In fact, Eric Merrick, a

representative of Mueller Systems, flew from Spokane, Washington to attend District 281's February 3, 2020, Board meeting specifically to address these issues. There, Mr. Merrick represented that Mueller Systems was continuing to investigate the cause of District 281's issues with the water meter system but due to these allegedly novel issues, the most effective solution would be to replace the malfunctioning portions of the water meters.

14.    In April 2020, Mueller Systems provided nearly 1,000 replacements for the malfunctioning water meters to District 281 in an attempt to remedy the ongoing issues. Mr. Merrick's representations regarding the novelty of District 281's problems with the water meters proved to be untrue.  Shortly after providing the District's Board with his report, Mr. Merrick emailed District 281's operator a document identifying the same widespread problems with Defendants' meters in locations all across America.  Far from being an issue of first impression, the Districts' problems with the meters were extensive and well known to Mueller Systems.  Had Mueller Systems informed the Districts of the pervasive and widespread nature of these defects, the Districts would not have entered into the Contracts to purchase Mueller Systems' meters.

15.    In fact, Mueller Systems' replacement meters in District 281 malfunctioned again less than one year later in January of 2021, exhibiting the same and other problems as before.  Specifically, the water meters collectively and consistently under-registered water flow, and several meters had to be individually replaced because they became permanently stuck.

16.    Subsequently, in or around February 2022, District 282 recognized the same problems with Defendants' meters, which included but were not limited to meters

becoming stuck and incorrectly registering water usage levels of Harris County residents. Although District 282 sent Mueller Systems notice of the defective water meters and the problems it experienced, Mueller Systems has refused and/or failed to address or remedy the ongoing issues with the water meters. Therefore, these issues resulted in lost revenues, increase in customer appeals due to the incorrect estimation of water bills, and the loss of trust from the residents.

17.    The Districts, through their operator, Water District Management Company, Inc. ("WDM"), conducted several accuracy tests to isolate those issues. WDM specifically tested the water meters to confirm they were under-registering water levels and usage and looked for leaks in the meters to identify the source of the issues with the water meters. Based on these tests, WDM isolated the issues affecting the Districts' water system from each other or the water systems of other districts. These issues with the water meters and system continue to cause the Districts significant damages, including lost revenues, increased operations costs due to billing inaccuracies, and the loss of trust and goodwill of the Districts' customers.

18.    Although the Districts notified Mueller Systems of the malfunctioning water meters again, to this day, Defendants have not corrected the issues with the water meters it installed.

19.    On information and belief, Defendants' water meters and associated equipment have manufacturing and/or design defects, leading to meter reading failures and other significant problems. Defendants knew or should have known that their water meters and associated equipment were defective, or prone to malfunctioning, yet failed to disclose

this information to the Districts.   Instead, Defendants concealed the inherent defects in the water meters and the system.

20.    While Mueller Systems had previously replaced the water meters, this "band-aid" approach is useless for the Districts because of the scale and pervasiveness of the issues with the failed metering products and the billing system.  Defendants' water meters have been and continue to be defective and unusable, and as a result, the Districts continue to face ongoing, significant problems.  In addition to the damages the Districts have already sustained, the Districts anticipate replacing the entire metering system, which will cost hundreds of thousands of dollars.

**IV.**
**CAUSE OF ACTION – BREACH OF WARRANTY**

21.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

22.    As discussed above, Mueller Systems sold approximately 1,000 residential water metering products, network infrastructure and setup for the equipment, and related software and services to each District.  Per the Contracts, Mueller Systems expressly warranted that its water meters would be "free from defects in material and workmanship" and/or guaranteed to perform to certain AWWA standards.

23.    The Districts relied on Mueller Systems' express warranties regarding the quality and characteristics of the water meters, and Defendants' representations became part of the basis of the parties' bargain.

24.    However, the water meters were defective and not fit for their intended use;

they resulted in inaccurate readings of water usage levels because they consistently under-registered water flow.  Additionally, the water meters frequently became stuck, and several had to be individually replaced for District 281, at District 281's expense, because they became permanently stuck.  District 282 experienced the same problems with Defendants' water meters. Therefore, the entire metering systems need to be replaced for the Districts.

25.    Although the Districts notified Mueller Systems multiple times of the defective water meters and the problems, Mueller Systems still have not corrected the issues with the water meters it previously replaced and installed.  Thus, Mueller Systems breached its express warranties.

26.    Defendants' breach caused injury to Plaintiffs, resulting in damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages.  Plaintiffs seek damages within the jurisdictional limits of this Court.

27.    Plaintiffs are also entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001.

**V.**
**CAUSE OF ACTIONS – FRAUD AND FRAUD IN THE INDUCEMENT**

28.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

29.    In meetings, presentations, and/or other discussions, Mueller Systems misrepresented to the Districts that their residential water meters would function properly and that they were reasonably fit and suitable for their intended use.  Specifically, Mueller

Systems' representative, Fred Quintero, presented a pitch to the District 281's Board on January 9, 2017 and to the District 282's Board on or about June 7, 2017 in which he represented that Defendants' water meters were just as accurate, or more accurate, than traditional water meters and promised that Defendants' water meters were more efficient, reliable, and capable of detecting leaks when in fact they were not. Mueller Systems, through Mr. Quintero, stated that the Districts only needed to install the water meters and not worry about them, which the Districts relied on. Defendants made these representations with the knowledge that their systems were not in fact more efficient, reliable, and capable of detecting leaks for the purpose of inducing Plaintiffs to purchase their water meter systems. Moreover, Mueller Systems expressly warranted that its water meters would be "free from defects in material and workmanship" and/or guaranteed to perform to certain AWWA standards.

30.     As discussed above, Defendants' water meters and associated equipment are defective; therefore, they produce incorrect readings of water use and exhibit other significant problems. Although Mueller Systems' representatives maintained ongoing contact with the Districts, Defendants did not disclose this material information and concealed the inherent defects in the water metering products, their associated equipment, and the system.

31.     Mueller Systems made the above referenced misrepresentations and concealment with actual knowledge of their falsity, or alternatively, recklessly, as a positive assertion and without knowledge of their truth. Specifically, Eric Merrick subsequently emailed District 281's operator a document identifying the same widespread

problems with Defendants' meters in various locations across the U.S. as early as 2012. As such, Mueller Systems already knew of the problems and defects with its water metering products, their associated equipment, and the system prior to and/or at the time the Districts executed the Contracts with Defendants.

32.     Mueller Systems made these misrepresentations and concealed material facts to induce the Districts to execute the Contracts. In fact, the Districts executed the Contract in reliance on Mueller Systems' material misrepresentations and concealment and authorized Mueller Systems to install their water meters and associated equipment.

33.     Because of Defendants' false representations and concealment of material facts, the Districts sustained significant damages described herein. Further, the Districts' injuries resulted from Mueller Systems' actual fraud, gross negligence, or malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## VI
## CAUSE OF ACTION – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

34.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

35.     The Districts are consumers under the DTPA because they are local, government entities or agencies of the State of Texas who acquired goods and services by purchase from Defendants.

36.     Defendants are limited liability companies and a corporation that can be sued under the DTPA because they directly sold goods and services to the Districts.

37.     As described in detail above, Defendants engaged in false, misleading, and/or deceptive acts or practices that the Districts relied on to their detriment.  Specifically, Mueller Systems misrepresented to the Districts that their residential water meters would function properly and that they were reasonably fit and suitable for their intended use. Mueller Systems' representative, Fred Quintero, represented that Defendants' water meters were just as accurate, or more accurate, than traditional water meters and promised that Defendants' water meters were more efficient, reliable, and capable of detecting leaks. Mueller Systems, through Mr. Quintero, stated that the Districts only needed to install the water meters and not worry about them.  Yet, the water meters were defective, produced inaccurate readings of water usage levels, and malfunctioned.

38.     Defendants did not disclose the material information regarding the water meters and concealed the inherent defects in the water metering products, their associated equipment, and the system to induce the Districts to execute the Contracts.  As such, Plaintiffs did not discover, nor could Plaintiffs have discovered, by the exercise of reasonable diligence, the existence of their cause(s) of action against Defendants until January of 2021 for District 281 and February of 2022 for District 281.

39.     Defendants violated sections of the DTPA, including but not limited to the following:

a.  Passing off goods or services as those of another (*See* Tex. Bus. & Com. Code § 17.46(b)(1));

b.  Representing that goods or services have characteristics, uses, or benefits which they do not have (*See* Tex. Bus. & Com. Code § 17.46(b)(5)); and

c.    Representing that goods or services are of a particular standard, quality, or

grade (*See* Tex. Bus. & Com. Code § 17.46(b)(7)).

40.    Additionally, Mueller Systems expressly warranted that the water meters

would be "free from defects in material and workmanship" and/or guaranteed to perform

to certain AWWA standards.  However, the water meters failed to function properly and

are not fit for their intended use; in fact, the entire water metering system needs to be

replaced again after Mueller Systems' meters malfunctioned within one year after they

were previously replaced.

41.    Defendants' wrongful conduct was a producing cause of the Districts'

injuries, which resulted in significant damages, including but not limited to remediation

costs, repair costs, loss of use, lost revenue, lost efficiency, and loss of trust of the Districts'

customers.

42.    Furthermore, Defendants acted knowingly or intentionally, which entitles the

Districts to recover treble economic damages under Texas Business & Commerce Code §

17.50(b)(1).  As discussed above, a representative of Mueller Systems subsequently

emailed District 281's operator a document identifying the same widespread problems with

Defendants' meters in various locations across the U.S., which indicates Mueller Systems

already knew about the problems and defects with their water metering products, their

associated equipment, and the system.

43.    The Districts gave Defendants notice as required by Texas Business &

Commerce Code § 17.505(a).  Attached as **Exhibit B** is a copy of the notice letter sent to

Defendants, which is incorporated by reference.  Plaintiffs filed this action prior to the end

of the 60-day notice period out of an abundance of caution to prevent the statute of limitations expiring on their claims.  *See* Tex. Bus. & Com. Code Ann. § 17.505(a) & (b).

44.     Plaintiffs are also entitled to recover reasonable and necessary attorney fees for prosecution this suit under Texas Business & Commerce Code § 17.50(d).

**VII**
**CAUSE OF ACTION – BREACH OF CONTRACT**

45.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

46.     If the Court enforces the Contracts despite Defendants' fraud, the Districts assert in the alternative, that, first, the Contracts are valid, binding, and enforceable agreements, and second, that the Districts performed their obligations under the Contracts by tendering all payments pursuant to their Contracts.

47.     The Contract provides that the standard registers for the meters "are guaranteed to be free from defects in material and workmanship for a period of fifteen (15) years from the date of installation."  As Plaintiffs now know, the registers for the water meters failed to accurately read and register water usage well before the guaranteed fifteen years.  Mueller Systems breached the Contracts by failing to provide accurate, properly functioning water meters.

48.     Defendants' breach caused significant injury and damages to Plaintiffs.  Plaintiffs seek damages within the jurisdictional limits of this Court.

49.     Plaintiffs are also entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code § 38.001.

## VIII
## CAUSE OF ACTION – UNJUST ENRICHMENT

50.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

51.     Defendants have unjustly enriched themselves to the Districts' detriment by the acts, omissions, and torts described in this Petition.

52.     Relying on Mueller Systems' misrepresentations about the quality, characteristics, and performance of their water meters, the Districts entered into separate agreements with Mueller Systems.  The Districts paid Mueller Systems hundreds of thousands of dollars to install the water metering products and water meter systems based on Defendants' fraudulent representations as set forth above.  However, the equipment is inaccurate, flawed, or otherwise deficient as described herein.

53.     Defendants' retention of the Districts' payments is unconscionable. Defendants secured a financial benefit by fraud and/or other wrongful means, and the Districts continue to sustain damages due to Defendants' defective water meters. Therefore, Plaintiffs request that the Court order Defendants to provide full restitution, disgorge all revenue and obtained funds, and pay all actual and consequential damages.

## IX
## CAUSE OF ACTION – NEGLIGENCE

54.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

55.      Defendants owed Plaintiffs legal duties in connection with the installation of the water meters and system.  Such duties include but are not limited to, furnishing and

installing properly functioning water meters and providing the Districts with adequate services, management, and oversight.

56.    Defendants breached their duties owed to the Districts by, among other things, failing to: 1) guard against defects and deficiencies in the work completed in a manner consistent with Defendants' standard of care; 2) determine in general if the work, when fully completed, would reflect applicable codes, regulations, and industry standards; 3) use ordinary care, skill, and judgment in the installation of the water metering products and system; 4) use ordinary care, skill, and judgment in the selection of subcontractors and/or employees for installation of the water meters and system; and 5) use ordinary care, skill, and judgment in inspecting the equipment/products and work for the water meter project.

57.    In addition, the Defendants negligently hired, trained, supervised, and/or retained unqualified contractors and/or employees to replace the water meters.  The defective work furnished and the negligently managed and supervised staff by Defendants contributed to the ongoing problems with the water meters and the water systems.  As such, Defendants breached their duties owed to the Districts.

58.    Defendants' breach of duties proximately caused injury to the Districts, which resulted in significant damages, such as remediation costs, repair costs, loss of use, lost revenue, lost efficiency, and loss of trust of the Districts' customers.  Further, the Districts seek punitive damages pursuant to Texas Civil Practice & Remedies Code § 41.003(a), as Defendants' misrepresentations constitute gross negligence.

**X**
**CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

59.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

60.     In the alternative, Mueller Systems misrepresented to the Districts that the residential water meters would function properly and that they were reasonably fit and suitable for their intended use.  Specifically, Mueller Systems', through Fred Quintero, represented that Defendants' water meters were just as accurate, or more accurate, than traditional water meters and promised that Defendants' water meters were more efficient, reliable, and capable of detecting leaks.  Mr. Quintero also stated that the Districts only needed to install the water meters and not worry about them, and the District relied on his statement.  Mr. Quintero made these misrepresentations to District 281 on January 9, 2017 to District 281's Board of Directors.  Mr. Quintero made these misrepresentations to District 282's Board of Directors on or about June 7, 2017. Mueller Systems further misrepresented the quality, characteristics, and condition of the water meters, specifically that their water meters would be "free from defects in material and workmanship" and/or guaranteed to perform to certain AWWA standards.   Mueller Systems made these representations in the course of their business and in the course of a transaction in which Mueller Systems had a pecuniary interest.

61.     However, Defendants' water meters and associated equipment have manufacturing and/or design defects, leading to meter reading failures and other significant problems.

62.    As discussed above, Defendants owed Plaintiffs legal duties in connection with the installation of the water meters and systems.  Such duties include but are not limited to, furnishing and installing properly functioning water meters and providing the Districts with adequate services, management, and oversight.  The above statements and misrepresentations were material to the Districts' decisions to execute the Contracts, purchase Defendants' water meters, and authorize Defendants to install them.  The Districts actually and justifiably relied on Defendants' misrepresentations.

63.    Defendants did not use reasonable care in communicating the truth regarding the water meters and the system.  Defendants failed to disclose this material information to the Districts when they had a duty to do so and concealed the inherent defects in the water metering products, their associated equipment, and the system.

64.    Because of Defendants' misrepresentations and concealment of material facts, the Districts sustained significant damages described herein.  Further, the Districts seek punitive damages pursuant to Texas Civil Practice & Remedies Code § 41.003(a), as Defendants' misrepresentations constitute gross negligence.

## XI
## AGENCY

65.    As discussed above, Mueller Systems is a subsidiary of MWP.

66.    On information and belief, MWP controls Mueller Systems, and Mueller Systems has the authority to act on MWP's behalf.  On information and belief, MWP is a beneficiary and recipient of the revenue and profits generated by Mueller Systems.  In fact, Mueller Systems' Administration and Research and Development offices are located

within the same suite as MWP's corporate headquarters.[1]

67.     Mueller Systems acted as the agent of MWP in all dealings with the Districts related to water meters and the water system, including the representations to and negotiations with the Districts to induce them to execute the Contracts.

68.     Therefore, the Court should hold Mueller Systems and MWP jointly and severally liable for all conduct and damages alleged against Mueller Systems.

## XII
## VICARIOUS LIABILITY

69.     Plaintiffs would show that at all times relevant to this case, any acts that were committed by the employees, servants, and/or agents of Defendants were made within the course and scope of their employment with Defendants.    Therefore, Defendants are vicariously liable for all of the acts and/or omissions of any of their employees, servants, and/or agents which were committed within the course and scope of their employment with Defendants.

## XIII
## STATUTE OF LIMITATIONS TOLLED

70.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above, as if set out in full herein.

71.      Plaintiffs would show that there are no applicable bars to its claims based upon any statute of limitations.   Specifically, Mueller Defendants engaged in fraud and fraudulent inducement by misrepresenting to the Districts that their residential water meters

---

[1] *See* https://www.muellerwaterproducts.com/contact; *see also* https://muellersystems.com/contact/

would function properly and that they were reasonably fit and suitable for their intended use.  Mueller Defendants represented that Defendants' water meters were just as accurate, or more accurate, than traditional water meters and promised that Defendants' water meters were more efficient, reliable, and capable of detecting leaks.  However, Defendants' water meters and associated equipment were defective, requiring Defendants to replace nearly 1,000 water meters by May 2020 for District 281.  Defendants have not yet addressed or replaced their defective water meters and associated equipment for District 282. Defendants did not disclose the material information regarding the water meters and concealed the inherent defects in the water metering products, their associated equipment, and the system to induce the Districts to execute the Contracts.

72.     As such, Plaintiffs plead the Discovery Rule, because Plaintiffs did not discover, nor could Plaintiffs have discovered by the exercise or reasonable diligence, the existence of their cause(s) of action against Defendants until January of 2021 for District 281 and February of 2022 for District 281, which are less than two years prior to the date on which Plaintiffs filed this lawsuit.

73.     Plaintiffs further plead any tolling provisions set forth by the Texas Supreme Court, the Governor of the State of Texas, and any other rules or statutes related to the current COVID-19 situation.

## IX
## DAMAGES

74.     Defendants' intentional conduct, breach of contract, and other actions described above proximately caused Plaintiffs' injuries.  Plaintiffs have suffered significant

damages, including but not limited to the following:

    a.   Actual damages;

    b.   Any attorney's fees allowed in this case to the extent permitted by law;

    c.   Punitive/exemplary damages;

    d.   Any incidental and consequential damages permitted by law and/or equity;

    e.   All costs of court;

    f.   All pre-judgment and post-judgment interest; and

    g.   Any and all damages in law and in equity allowed in this case.

75. All of the above damages sought in this case are within the jurisdictional limits of this Court.

## X
## INTEREST

76. Plaintiffs are entitled to recover all pre-judgment and post-judgment interest which has and will accrue in accordance with the applicable provisions of Texas law. Thus, Plaintiffs hereby seek recovery of all pre-judgment and post-judgment interest at the maximum interest rate allowed by law.

## XI
## CONDITIONS PRECEDENT

77. All conditions precedent have been performed or have occurred.

## XII
## JURY DEMAND

78. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury in this matter and tenders the appropriate fee.

**XIII**
**PRAYER**

79.    WHEREFORE, Plaintiffs, HARRIS COUNTY MUNICIPAL UTILITY

DISTRICT NO. 281 and HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO.

282, respectfully request that Defendants, MUELLER SYSTEMS, LLC, MUELLER

SYSTEMS, LLC, and MUELLER WATER PRODUCTS, INC. be cited to appear and file

an answer herein, and that on final hearing Plaintiffs have judgment against Defendants,

jointly and severally, for all of the damages and relief set forth above, in addition to all

other damages Plaintiffs may be justly entitled to at law and in equity.


Date: November 18, 2022


Respectfully submitted,

DANIELS & TREDENNICK, PLLC


By:  _/s/ Heath A. Novosad_____
Heath A. Novosad
Texas State Bar No. 24037199
heath@dtlawyers.com
Mary Rodman Crawford
Texas State Bar No. 24109766
maryrodman.crawford@dtlawyers.com
6363 Woodway Drive, Suite 700
Houston, TX 77057

*ATTORNEYS FOR* PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this notice of appearance was filed and served upon all attorneys of record using the Court's CM/ECF system on the 18th day of November 2022.


_/s/ Heath A. Novosad_
Heath A. Novosad