# EXHIBIT B



Heath A. Novosad
6363 Woodway Drive, Suite 700
Houston, TX 77057
(713) 917-0024 Office
(713) 917-0026 Fax
heath.novosad@dtlawyers.com

June 23, 2022

*VIA CERTIFIED MAIL RRR*
Mueller Systems, LLC
10210 Statesville Blvd.
Cleveland, NC 27013

Mueller Systems, LLC
1200 Abernathy Rd., Ste. 1200
Atlanta, GA 30328

Mueller Water Products, Inc.
1200 Abernathy Rd., Ste. 1200
Atlanta, GA 30328

**Re:   Notice of Mueller Systems, LLC and Mueller Water Products, Inc.'s violation of the Texas Deceptive Trade Practices Act; Document Retention and Preservation Notice**

Mueller Systems, LLC and Mueller Water Products, Inc.:

We represent Harris County Municipal Utility District No. 281 and Harris County Municipal Utility District No. 282 (collectively, the "Districts"), who have retained us to assert claims against Mueller Systems, LLC and Mueller Water Products, Inc. (collectively, "You" or "Mueller") for violation of the Texas Deceptive Trade Practices Act ("DTPA"), Texas Business & Commerce Code § 17.41 et seq., and other causes of actions.

At this time, we request that you preserve the following documents, electronic or otherwise, including emails, agreements, business records, files, notes, texts, photographs, videos, messages, contracts, policies and drafts of policies, and any other communications or documents:

June 23, 2022
Page 2

- All correspondence and communications between Mueller, including Mueller's employees, subcontractors, and any other individual acting on your behalf, and the Districts;
- All contracts entered into and any corresponding drafts of contracts between Mueller and the Districts and signed by both parties;
- All documents that relate to the contract dated February 6, 2017 executed between Mueller and the District No. 281;
- All documents that relate to the contract dated July 15, 2017 executed between Mueller and the District No. 282;
- All documents that relate to the products/equipment and related services Mueller sold to and/or provided to the Districts;
- All invoices and receipts sent to and received from Mueller;
- All documents showing payments made to Mueller;
- All ledgers, statements, including accounts payable or receivable and all other documents that relate to the Districts' accounts with Mueller;
- All documents that relate to any inspections or tests performed on the products/equipment Mueller sold to and/or provided to the Districts;
- All documents constituting any warranties Mueller made to the Districts;
- All documents that relate to any instructions or directions regarding the use of the products/equipment Mueller sold to and/or provided to the Districts;
- All documents reflecting any attempt Mueller made to correct the defects or issues alleged by the Districts in the products/equipment and related services Mueller sold to and/or provided to the Districts;
- All documents reflecting any complaints the Districts made to Mueller regarding alleged defects or issues in the products/equipment and related services Mueller sold to and/or provided to the Districts;
- All documents that relate to any subcontractors and/or any employees Mueller hired to assist or respond to the Districts' complaints regarding the products/equipment and related services Mueller sold to and/or provided to the District;
- All documents showing any employee or staff training manuals or materials for the products/equipment and related services Mueller sold to and/or provided to the Districts;
- All documents presented or discussed by Mueller at any of the District's Board of Directors meetings.

The preservation date range is from **January 1, 2015 to Present**.

This letter is also notice of my clients' claims and attempt to resolve this matter without litigation. If these claims are covered by an insurance policy, please forward this letter to your insurance carrier to ensure that the carrier receives timely notice of the claims and will provide you with representation and coverage. Please direct all future correspondence to our office.



June 23, 2022
Page 3

      This claim arose from your engagement in false, misleading, or deceptive acts or practices that the Districts relied on to their detriment. Specifically, on February 6, 2017 and July 15, 2017, you entered into agreements with District 281 and District 282, respectively, in which you sold approximately 1,000 residential water metering products, network infrastructure and setup for the equipment, and related software and services to each District ("Contracts"). You represented to the Districts that your residential water meters would function properly and that they were reasonably fit and suitable for their intended use. Further, per the Contracts, you expressly warranted that your water meters would be "free from defects in material and workmanship" and/or guaranteed to perform to certain American Water Works Association ("AWWA") standards. My clients relied on your representations and express warranties regarding the quality and characteristics of your water meters.

      However, your water metering products were defective and not fit for their intended use. In 2019, approximately two years after you installed your water meters and related software, contractors providing services to District 281 noticed significant issues with the meters, including but not limited to meters becoming stuck and incorrectly registering water usage levels of Harris County residents. District 282 subsequently noticed the same problems with the water meters. These issues resulted in lost revenues, increase in customer appeals due to the incorrect estimation of water bills, and the loss of trust from the residents.

      Beginning in 2019, my clients notified you multiple times regarding the defective water meters and the problems it experienced. You finally responded and agreed to replace the malfunctioning solid state registers within the water meters as an attempt to remedy the ongoing issues for District 281. Subsequently, you replaced nearly 1,000 water meters beginning in June 2019 through May 2020 for District 281.

      Less than one year later, in 2021, the newly replaced water meters malfunctioned again, exhibiting the same problems as before. Specifically, the water meters collectively and consistently under-registered water flow, and several meters had to be individually replaced because they became permanently stuck. As stated above, District 282 subsequently experienced the same problems with the water meters; however, you have failed and/or refused to address or remedy the ongoing issues for District 282. These issues continued to cause the Districts significant damages, including lost revenues, increased operations costs due to billing inaccuracies, and the loss of trust and goodwill of the Districts' customers.

      Although my clients notified you of the malfunctioning water meters again, to this day, you have not corrected the issues with the water meters you installed. Now, my clients anticipate replacing the entire metering systems, which will cost hundreds of thousands of dollars.

      As such, you breached your express warranties regarding the water meters and violated sections of the DTPA, including but not limited to the following:



June 23, 2022
Page 4

      a. Passing off goods or services as those of another (*See* Tex. Bus. & Com. Code § 17.46(b)(1));

      b. Representing that goods or services have characteristics, uses, or benefits which they do not have (*See* Tex. Bus. & Com. Code § 17.46(b)(5)); and

      c. Representing that goods or services are of a particular standard, quality, or grade (*See* Tex. Bus. & Com. Code § 17.46(b)(7)).

Because of your violation of the DTPA, my clients have incurred economic/actual damages of $576,614.50, which includes the amount my clients paid to you pursuant to the Contracts. The Districts have also suffered at least $200,000.00 in lost revenue due to your faulty meters. In the event of litigation, these amounts will be adjusted upward to reflect any additional damages.

Further, in the event of litigation, my clients will also seek trebled damages on the grounds that your conduct was committed knowingly and intentionally. On information and belief, you knew or should have known that your water meters and associated equipment have manufacturing and/or design defects, leading to meter reading failures and other significant problems, yet you failed to disclose this information to the Districts. Instead, you concealed the inherent defects in your water meters and the system and induced my clients to execute the Contracts.

At this time, my clients have incurred attorney fees and other related expenses in the amount of $16,558.35. In the event of litigation, these amounts will be adjusted upward to reflect the additional time and expense incurred.

My clients wish to resolve this matter without filing suit. Therefore, we request that you remit payment in the amount of $793,172.85. This sum includes my clients' economic damages, attorney fees, and expenses. If this sum is not paid within 60 days of receipt of this notice, we will file the attached suit against you and pursue any and all remedies available to my clients under Texas law.

Sincerely,

**DANIELS & TREDENNICK PLLC**

Heath A. Novosad
*Attorney for Harris County Municipal Utility District No. 281 and Harris County Municipal Utility District No. 282*