# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY MUNICIPAL | § | |
| UTILITY DISTRICT NO. 281 and | § | |
| HARRIS COUNTY MUNICIPAL | § | |
| UTILITY DISTRICT NO. 282, | § | |
| | § | CIVIL ACTION NO. 4:22-CV-3648 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| MUELLER SYSTEMS, LLC, | § | |
| MUELLER SYSTEMS, LLC and | § | |
| MUELLER WATER | § | |
| PRODUCTS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS MUELLER SYSTEMS, LLC AND MUELLER WATER PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

NATURE & STAGE OF PROCEEDING ........................................................................ 1

STATEMENT OF FACTS ............................................................................................... 1

STATEMENT OF THE ISSUES ...................................................................................... 2

STANDARD OF REVIEW ............................................................................................... 3

ARGUMENT ..................................................................................................................... 3

   I.   Breach of Warranty ................................................................................................ 4

   II.   Fraud & Fraudulent Inducement ........................................................................... 5

     A. Plaintiffs plead only puffery. ............................................................................. 6

     B. Plaintiffs fail to plead a key element. ................................................................. 7

     C. Plaintiffs do not state a plausible claim. ............................................................ 7

     D. Plaintiffs do not plead their claim with particularity. ........................................ 8

   III.   DTPA ................................................................................................................... 9

     A. Plaintiffs plead only puffery. ............................................................................. 9

     B. Plaintiffs were not harmed by statements themselves. ..................................... 10

     C. The economic loss rule applies. ........................................................................ 10

     D. Plaintiffs' DTPA claim is time-barred. ............................................................. 11

     E. Plaintiffs do not state a plausible claim. ........................................................... 11

     F. Plaintiffs do not plead their claim with particularity. ....................................... 12

   IV.   Breach of Contract .............................................................................................. 12

   V.   Unjust Enrichment .............................................................................................. 13

     A. The Contracts preclude unjust enrichment. ...................................................... 13

     B. Plaintiffs fail to sufficiently plead fraud. ......................................................... 14

     C. This claim is time-barred. ................................................................................. 14

   VI.   Negligence ......................................................................................................... 15

     A. The economic loss rule applies. ........................................................................ 15

     B. This claim is time-barred. ................................................................................. 16

   VII.   Negligent Misrepresentation .............................................................................. 16

     A. Plaintiffs plead only puffery. ........................................................................... 16

     B. The economic loss rule applies. ........................................................................ 16

     C. This claim is time-barred. ................................................................................. 17

D. Plaintiffs do not state a plausible claim. ................................................................ 17

E. Plaintiffs do not plead their claim with particularity. ........................................... 17

VIII. Limitation of Liability ........................................................................................... 18

IX. Claims Against Mueller Water ............................................................................ 19

CONCLUSION .................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Nissan N. Am., Inc.*,
    395 F. Supp. 3d 838, 846 (S.D. Tex. 2018) ................................................................ 14

*Allen v. Vertafore, Inc.*,
    28 F. 4th 613 (5th Cir. 2022) ................................................................ 4

*Am. Med. Oxygen Sales Corp. v. Inova Labs, Inc.*,
    No. 1:14-CV-278, 2015 WL 12532766 (W.D. Tex. Oct. 19, 2015) ............................ 5

*Baker Hughes Process & Pipeline Servs., L.L.C. v. UE Compression,*
*L.L.C.*,
    938 F.3d 661 (5th Cir. 2019) ................................................................ 12, 13

*Baker v. Great N. Energy, Inc.*,
    64 F. Supp. 3d 965, 974 (N.D. Tex. 2014) ............................................... 6

*Bohnsack v. Varco, L.P.*,
    668 F.3d 262 (5th Cir. 2012) ................................................................ 5

*Campbell v. Texas Tea Reclamation, LLC*,
    No. 3:20-CV-00090, 2021 WL 2211690 (S.D. Tex. May 6, 2021) ........................... 17

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*,
    88 F.3d 347 (5th Cir. 1996) ................................................................ 17

*Coghlan v. Wellcraft Marine Corp.*,
    240 F.3d 449 (5th Cir. 2001) ................................................................ 13

*Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*,
    903 F.3d 493 (5th Cir. 2018) ................................................................ 18

*Cornerstones Mun. Util. Dist. v. Monsanto Co.*,
    889 S.W.2d 570 (Tex. App. – Houston [14th Dist.] 1994) ................................... 11, 16

*Crawford v. Ace Sign, Inc.*,
    917 S.W.2d 12 (Tex. 1996) ................................................................ 10

*Curtis v. Cerner Corp.*,
    621 B.R. 141 (S.D. Tex. 2020) ................................................................ 7, 8, 9, 13, 18

*Davidson v. AT&T Mobility, LLC*,
    No. 3:17-CV-0006, 2018 WL 4075722 (N.D. Tex. Aug. 27, 2018) .......................... 19

*Diais v. Land Rover Dallas, L.P.*,
    No. 05-15-00115-CV, 2016 WL 1298392 (Tex. App. – Dallas 2016)......................... 7

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
    907 S.W.2d 472 (Tex. 1995) ...................................................................................... 11

*Edomwande v. Allstate Ins. Co.*,
    No. 3:10-CV-1806-M, 2011 WL 609887 (N.D. Tex. Jan. 20, 2011) ......................... 12

*Elledge v. Friberg-Cooper Water Supply Corp.*,
    240 S.W.3d 869 (Tex. 2007)...................................................................................... 14

*ETC Tex. Pipeline, Ltd. v. Addison Exploration & Dev., LLC*,
    582 S.W.3d 823 (Tex. App. – Eastland 2019) .......................................................... 19

*Experience Infusion Ctr. LLC v. Aetna Life Ins. Co.*,
    No. H-17-34, 2018 WL 3589083 (S.D. Tex. May 7, 2018) ....................................... 17

*Fagan Holdings, Inc. v. Thinkware, Inc.*,
    750 F. Supp. 2d 820 (S.D. Tex. 2010) ........................................................................ 6

*Ghedi v. Mayorkas*,
    16 F. 4th 456 (5th Cir. 2021) ................................................................................. 3, 8

*Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power &*
    *Water Sols., Inc.*,
    954 F.3d 804 (5th Cir. 2020) .................................................................................... 10

*Ibe v. Jones*,
    836 F.3d 516 (5th Cir. 2016) ............................................................................. 5, 7, 9

*JT Bros. Constr., LLC v. Tex. Pride Trailers, LLC*,
    No. H-21-4205, 2022 WL 800183 (S.D. Tex. Mar. 16, 2022) ........................... 6, 7, 16

*Kansa Reins. Co., Ltd. v. Congressional Mortg. Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) .................................................................................... 17

*Kelly Law Firm, P.C. v. An Attorney for You*,
    679 F. Supp. 2d 755 (S.D. Tex. 2009) .................................................................... 8, 9

*Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*,
    646 F.3d 321 (5th Cir. 2011) ...................................................................................... 7

*Matter of Connect Transp., L.L.C.*,
    825 Fed. App'x 150 (5th Cir. 2020) ........................................................................ 14

*Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*,
    524 F.3d 676 (5th Cir. 2008) ................................................................................... 15

*Pisharodi v. Wells Fargo Bank, N.A.*,
    No. 1:19-cv-41, 2022 WL 1005311 (S.D. Tex. Feb. 25, 2022) .................................. 10

*Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*,
    784 F.2d 674 (5th Cir. 1986) ................................................................................. 6, 9

*R.P. Small Corp. v. Land Dep't, Inc.*,
    505 F. Supp. 3d 681, 713-14 (S.D. Tex. 2020) ..................................................... 8, 12

*Regency Field Servs., LLC v. Swift Energy Operating, LLC*,
    622 S.W.3d 807 (Tex. 2021) ..................................................................................... 16

*Singh v. RadioShack Corp.*,
    882 F.3d 137 (5th Cir. 2018) ............................................................................... 3, 11

*Taliaferro v. Samsung Telecomm'ns Am., LLC*,
    No. 3:11-CV-1119, 2012 WL 169704 (N.D. Tex. Jan. 19, 2012) ............................... 5

*TIG Ins. Co. v. Aon Re, Inc.*,
    521 F.3d 351 (5th Cir. 2008) ............................................................................. 16, 17

*Tristani v. OptionSellers.com, Inc.*,
    No. 6:19-cv-585, 2021 WL 2099313 (E.D. Tex. Apr. 5, 2021) ................................. 15

*W. Plains, LLC v. Pneumat Sys., Inc.*,
    No. 4:20-CV-0572, 2020 WL 11564114 (S.D. Tex. Dec. 18, 2020) .................... 10, 16

**Statutes**

Texas Deceptive Trade Practices Act ........................................... 2, 3, 9, 10, 11, 12

Tex. Bus. & Com. Code § 17.565 ............................................................................. 11

**Rules**

Federal Rule of Civil Procedure 9(b) ............................................................. 8, 9, 12, 17

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 8

## NATURE & STAGE OF PROCEEDING

Plaintiffs Harris County Municipal Utility District No. 281 ("District 281") and Harris County Municipal Utility District No. 282's ("District 282") lawsuit against Defendants Mueller Systems, LLC ("Mueller Systems")[1] and Mueller Water Products, Inc. ("Mueller Water") alleges water meter systems purchased from Mueller Systems are not operating properly. Plaintiffs' First Amended Complaint (Doc. 9) fails to state a claim and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs allege Fred Quintero, a Mueller Systems' representative, presented a pitch in 2017 to Plaintiffs' board of directors for the purchase and installation of a water meter system. Doc. 9, ¶ 12. Plaintiffs agreed they wanted a new water meter system and each entered into a contract with Mueller Systems in 2017 (collectively, "the Contracts"). *Id.* at ¶ 10; **Exhibit ("Ex.") 1** (District 281 Contract); **Ex. 2** (District 282 Contract). The Contracts provide an express warranty for "defects in material and workmanship," as well as a warranty return procedure—submit a claim within 60 days of discovering a defect and return the subject equipment to Mueller Systems for its examination. **Ex. 1**, p. 3; **Ex. 2**, p. 3. Mueller Systems' "entire obligation and [Plaintiffs'] "exclusive remedy" is "repair or replacement" of equipment confirmed to be defective after being returned. *Id.* The Contracts disclaim all other warranties and remedies, and provide Mueller Systems'

---

[1] Plaintiffs' First Amended Complaint erroneously names "Mueller Systems, LLC" twice in the case caption. There is only one existing entity named "Mueller Systems, LLC." *See* Doc. 1, p. 5; Doc. 11, p. 1.

"maximum liability" is "the total amount paid" by Plaintiffs under the Contracts "in the immediately preceding twelve (12) months and will under no circumstance exceed" that amount. **Ex. 1**, p. 4; **Ex. 2**, p. 4.

Plaintiffs allege they experienced "significant issues" with the water meters beginning in 2019. Doc. 9, ¶ 12; Doc. 9-2, p. 4. Plaintiffs allege Eric Merrick, a Mueller Systems representative, met with District 281's board in February 2020 and recommended malfunctioning meters be replaced. Doc. 9, ¶ 13. Mueller Systems provided replacement meters to District 281 in April 2020. *Id.* at ¶ 14. Plaintiffs allege that, around that time, Mr. Merrick emailed "a document identifying the same widespread problems with Defendants' meters in locations all across America." *Id.* Plaintiffs further allege District 281's meters began malfunctioning again in January 2021, and the same happened to District 282 in February 2022. *Id.* at ¶¶ 15, 16.

Plaintiffs filed their original Petition on August 23, 2022, in Harris County, Texas, district court. Doc. 1-2. Defendants timely removed the action to this Court on October 21, 2022, and moved to dismiss Plaintiffs' Petition on October 28, 2022. Doc. 1, Doc. 5. In response, Plaintiffs filed a First Amended Complaint on November 18, 2022. Doc. 9.

## STATEMENT OF THE ISSUES

Whether Plaintiffs have pleaded a claim upon which relief can be granted for breach of warranty, fraudulent inducement, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, unjust enrichment, negligence, or negligent misrepresentation.

## STANDARD OF REVIEW

"To overcome a motion to dismiss, a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Singh v. RadioShack Corp.*, 882 F.3d 137, 144 (5th Cir. 2018). "To make out a plausible claim, the complaint must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "merely speculative inference is not enough." *Ghedi v. Mayorkas*, 16 F. 4th 456, 463 (5th Cir. 2021).

## ARGUMENT

At bottom, this is a warranty action that is governed by the Contracts' warranty return procedure and exclusive repair-or-replace remedy. Plaintiffs, however, have not followed the warranty procedure or remedy to which they contractually agreed. Thus, Plaintiffs do not have a *viable* warranty claim. Apparently realizing as much, Plaintiffs have thrown out a hodgepodge of other claims to see what might stick. None do. Plaintiffs assert a fraudulent inducement claim that is based on non-actionable puffery, lacks a key element, and is pleaded without the requisite plausibility or particularity. Plaintiffs' DTPA claim is similarly deficient and is also barred by the economic loss rule and statute of limitations. Plaintiffs also attempt to improperly convert their warranty claim into a separate contract claim. Plaintiffs' unjust enrichment claim—which is precluded as a matter of law by the contracts—is premised on insufficient fraud allegations and barred by the statute of limitations. Finally, Plaintiffs resort to claims of negligence and negligent misrepresentation. However, these claims are barred by the economic loss rule and statute of limitations. In addition, the negligent misrepresentation claim fails because it is based

on non-actionable puffery and not pleaded with the requisite plausibility or particularity. As detailed below, Defendants respectfully request this Court dismiss **all** of Plaintiffs' claims with prejudice and without leave to amend.

## I. Breach of Warranty

Plaintiffs allege Mueller Systems breached its express warranty because the water meters are defective. Doc. 9, ¶¶ 22-25. Even if this were true—which it is not—the Contracts contain a warranty procedure for meters believed to be defective: Plaintiffs are to submit a claim within 60 days and return the subject meters to Mueller Systems, so that Mueller Systems may "examine and analyze the material or workmanship claimed to be defective." **Ex. 1**, p. 3; **Ex. 2**, p. 3.[2] For any meters that Mueller Systems finds to be defective, "Mueller Systems' entire obligation and [Plaintiffs'] exclusive remedy" is "repair or replacement" of the subject meters. *Id.*

Plaintiffs' First Amended Complaint contains no allegations that they followed this warranty procedure either before or after Mueller Systems replaced meters in April 2020 for District 281. Plaintiffs merely allege they "notified" Mueller Systems about allegedly defective meters discovered in January 2021 and February 2022. Doc. 9, ¶¶ 15, 16, 25. Mere notice is insufficient to invoke the Contracts' warranty. *See* **Ex. 1**, p. 3; **Ex. 2**, p. 3. Rather, explicit steps must be followed, which Plaintiffs failed to do: there is no allegation that Plaintiffs submitted a timely claim to Mueller Systems for these subject meters within

---

[2] The Contracts are considered part of the pleadings and properly before the Court on this Motion because they are central to Plaintiffs' claims and referenced by their First Amended Complaint. *See Allen v. Vertafore, Inc.*, 28 F. 4th 613, 616 (5th Cir. 2022).

60 days; that Plaintiffs returned these subject meters to Mueller Systems for its examination and analysis; or that Mueller Systems refused to honor the repair-or-replace remedy.

When, as here, an express warranty requires return of the allegedly defective product to the defendant, but no such return was made, the plaintiff "has not satisfied a contractual precondition to recovery under the express warranty" and thus fails to state a claim for breach of warranty. *Taliaferro v. Samsung Telecomm'ns Am., LLC*, No. 3:11-CV-1119, 2012 WL 169704, at *3 (N.D. Tex. Jan. 19, 2012). Further, when an express warranty provides an exclusive repair-or-replace remedy, and the defendant has **not** refused to provide such remedy when requested, the plaintiff fails to state a claim for breach of warranty. *Am. Med. Oxygen Sales Corp. v. Inova Labs, Inc.*, No. 1:14-CV-278, 2015 WL 12532766, at *2 (W.D. Tex. Oct. 19, 2015). Accordingly, without allegations that Plaintiffs followed the warranty procedure or that Mueller Systems refused to honor the repair-or-replace remedy, Plaintiffs' claim for breach of warranty should be dismissed.

## II.     Fraud & Fraudulent Inducement

Plaintiffs improperly conflate fraud with fraud in the inducement. Fraudulent inducement "is a distinct category of common-law fraud." *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016). Claims alleging the defendant defrauded the plaintiff in order to convince the plaintiff to enter into a contract "are properly styled as fraudulent inducement claims, not common law fraud claims." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012).

Plaintiffs allege that Mr. Quintero made misrepresentations during his 2017 pitch to Plaintiffs. Doc. 9, ¶¶ 9, 29. Plaintiffs allege Mr. Quintero's representations were

knowingly false, or made recklessly without knowledge of their truth, based on Mr. Merrick's email (in or around April 2020) allegedly "identifying the same widespread problems with Defendants' meters" elsewhere. *Id.* at ¶ 31. Plaintiffs allege Mr. Quintero's representations were made "to induce the Districts to execute the Contracts" and Plaintiffs "executed the Contract[s] in reliance" on such representations. *Id.* at ¶ 32. Thus, Plaintiffs' second claim is properly treated as a fraudulent inducement claim and fails for multiple reasons.

### A. Plaintiffs plead only puffery.

Statements of puffery cannot support a fraudulent inducement claim. *JT Bros. Constr., LLC v. Tex. Pride Trailers, LLC*, No. H-21-4205, 2022 WL 800183, at *4 (S.D. Tex. Mar. 16, 2022). "It is common knowledge and may always be assumed that any seller will express a favorable opinion concerning what he has to sell; and when he praises it in general terms, without specific content or reference to facts, buyers are expected to and do understand that they are not entitled to rely literally upon the words." *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 682 (5th Cir. 1986). This is commonly known as puffery or "sales talk." *Id.*

Mr. Quintero's 2017 alleged representations that Mueller Systems' water meters would "save the Districts time and money" and that "You install them and then you don't have to worry about them" (Doc. 9, ¶ 9) are mere puffery. *See Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 974 (N.D. Tex. 2014); *Fagan Holdings, Inc. v. Thinkware, Inc.*, 750 F. Supp. 2d 820, 832 (S.D. Tex. 2010). Similarly, Mr. Quintero's alleged representation that Mueller Systems' water meters "were just as accurate as traditional

water meters—if not more—and promised better efficiency, reliability and leak detection functions" (Doc. 9, ¶ 9) is mere puffery. *See JT Bros.*, 2022 WL 800183, at *1, *4; *Diais v. Land Rover Dallas, L.P.*, No. 05-15-00115-CV, 2016 WL 1298392, at *4 (Tex. App. – Dallas 2016). In fact, Plaintiffs have not pleaded any representations made by Mr. Quintero that fall outside the realm of puffery, *i.e.,* "sales talk." For this reason alone, their fraudulent inducement claim should be dismissed.

### B. Plaintiffs fail to plead a key element.

Fraudulent inducement "shares the same elements" of common law fraud, but ***additionally*** requires "a promise of future performance made with no intention of performing at the time it was made." *Ibe*, 836 F.3d at 525. A "breach must be coupled with a showing that the promisor never intended to perform under the contract." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011). Plaintiffs fail to allege Mueller Systems made any representation, with "no intention of following through, at the time it was made." Thus, a key element of fraudulent inducement is missing and the claim should be dismissed. *See Ibe*, 836 F.3d at 525-26.

### C. Plaintiffs do not state a plausible claim.

To state a plausible claim for fraudulent inducement, a plaintiff must plead facts showing "***when the defendant made the representation*** the defendant knew it was false or made the representation recklessly and without knowledge of its truth." *Curtis v. Cerner Corp.*, 621 B.R. 141, 168 (S.D. Tex. 2020). Plaintiffs have not done that.

To suggest Mr. Quintero's alleged representations were knowingly false or recklessly made in 2017, Plaintiffs rely on Mr. Merrick's email ***three years later***, allegedly

identifying "problems" in other locations.  Doc. 9, ¶¶ 14, 31.  The exact contents of this alleged email are vague—*i.e.,* Plaintiffs plead only that Mr. Merrick identified unspecified and unquantified "problems" in unspecified locations at unspecified times "as early as 2012."  *Id.*  But Plaintiffs do not allege that the "problems" were substantially similar in nature to Plaintiffs' allegations or that the "problems" were commonplace in 2012 or any other time prior to Mr. Quintero's alleged representations in 2017.  Mr. Merrick's 2020 email does not show Mr. Quintero's alleged representations were knowingly false or recklessly made in 2017.  At best, Plaintiffs raise only a "speculative inference," which cannot defeat a motion to dismiss.  *See Ghedi*, 16 F. 4th at 463.

### D.  Plaintiffs do not plead their claim with particularity.

Plaintiffs' fraudulent inducement claim also falls far short of the particularity pleading standard.  A fraudulent inducement claim is subject to Federal Rule of Civil Procedure 9(b), meaning it must be pleaded with particularity.  *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 713-14 (S.D. Tex. 2020).  "Failure to plead fraud with particularity under Rule 9(b) is regarded as a failure to state a claim upon which relief can be granted and is subject to dismissal under Rule 12(b)(6)."  *Kelly Law Firm, P.C. v. An Attorney for You*, 679 F. Supp. 2d 755, 772 (S.D. Tex. 2009).

"The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Curtis*, 621 B.R. at 167.  "[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)."  *Kelly*, 679 F. Supp. 2d at 772.  "The plaintiffs

must set forth **specific facts** supporting an inference of fraud." *Id.* (emphasis added). "This strict requirement is a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. Courts apply Rule 9(b) to fraud complaints with bite and without apology." *Curtis*, 621 B.R. at 167.

Plaintiffs provide no "specific facts" supporting an inference of fraudulent intent. As noted, Plaintiffs rely on a vaguely described 2020 email from Mr. Merrick (not Mr. Quintero), but do not allege facts showing that any widespread problems were known or knowable to Mueller Systems prior to Mr. Quintero's alleged 2017 representations. That Mr. Merrick sent an email in 2020 about unspecified and unquantified "problems" in meters in unspecified locations at unspecified times does not show "why" Mr. Quintero's alleged representations in 2017 were knowingly false or recklessly made. *See Kelly*, 679 F. Supp. 2d at 773. Further, Plaintiffs fail to allege "where" Mr. Quintero's alleged representations were made. Plaintiffs' fraudulent inducement claim, therefore, should be dismissed for failure to meet the particularity pleading standard required by Rule 9(b).

## III. DTPA

Plaintiffs' DTPA claim is based on the same alleged representations as Plaintiffs' fraudulent inducement claim and is similarly deficient.

### A. Plaintiffs plead only puffery.

Statements of puffery cannot support a DTPA claim. *Presidio*, 784 F.2d at 686. As discussed, Plaintiffs allege nothing more than mere puffery. For this reason alone, their DTPA claim should be dismissed.

**B. Plaintiffs were not harmed by statements themselves.**

For a DTPA claim to survive, a defendant's "statements themselves" must cause the plaintiff's harm. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996). Plaintiffs make no allegation they were harmed by Mr. Quintero's alleged statements themselves. Rather, Plaintiffs allege Mueller Systems' failure to follow through on such statements allegedly caused harm. *See* Doc. 9, ¶¶ 9, 12. Like *Crawford*, this can only be a matter, potentially, for warranty or contract law,[3] not the DTPA. 917 S.W.2d at 14-15. Accordingly, Plaintiffs' DTPA claim should be dismissed.

**C. The economic loss rule applies.**

Plaintiffs' DTPA claim cannot survive the economic loss rule, which "prevents recovery in tort for purely economic damage unaccompanied by injury to persons or property." *Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 954 F.3d 804, 808 (5th Cir. 2020). "Under the economic loss rule, there is no duty in tort when a plaintiff has only suffered economic losses." *W. Plains, LLC v. Pneumat Sys., Inc.*, No. 4:20-CV-0572, 2020 WL 11564114, at *4 (S.D. Tex. Dec. 18, 2020). This rule extends to DTPA claims. *Pisharodi v. Wells Fargo Bank, N.A.*, No. 1:19-cv-41, 2022 WL 1005311, at *10 (S.D. Tex. Feb. 25, 2022). Plaintiffs' DTPA claim unquestionably seeks only economic losses resulting from the allegedly defective water meters and thus should be dismissed as barred by the economic loss rule.

---

[3] As explained, Plaintiffs fail to state a claim for breach of warranty or contract for other reasons.

**D. Plaintiffs' DTPA claim is time-barred.**

Plaintiffs' DTPA claim is subject to a two-year statute of limitations. Tex. Bus. & Com. Code § 17.565. A DTPA claim accrues either when "the false, misleading, or deceptive act or practice occurred" or when "the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." *Id.*

Plaintiffs allege the false, misleading, or deceptive act occurred in 2017, during Mr. Quintero's pitch to Plaintiffs. Doc. 9, ¶¶ 9, 37. Plaintiffs did not file their Petition until more than five years later. Doc. 1-2. While Plaintiffs allege they could not have discovered the basis for their DTPA claim until January 2021 or February 2022, their own pleading belies such a notion. Plaintiffs allege they experienced "problems" with the water meters "[b]eginning in 2019." Doc. 9-2, p. 4. Further, Plaintiffs allege they received Mr. Merrick's email allegedly describing similar problems occurring elsewhere in or around April 2020. Doc. 9, ¶ 14. Thus, by April 2020—if not earlier in 2019—Plaintiffs discovered, or at least should have discovered through reasonable diligence, the alleged false, misleading, or deceptive act at issue. *See Cornerstones Mun. Util. Dist. v. Monsanto Co.*, 889 S.W.2d 570, 576 (Tex. App. – Houston [14th Dist.] 1994). Either way, Plaintiffs' August 2022 Petition was filed more than two years later and is time-barred.

**E. Plaintiffs do not state a plausible claim.**

Plaintiffs' DTPA claim does not meet the plausibility pleading standard. *See Singh*, 882 F.3d at 144. A required element of a DTPA claim is that "the defendant engaged in false, misleading, or deceptive acts." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907

S.W.2d 472, 478 (Tex. 1995). Again, Plaintiffs rely on Mr. Merrick's 2020 email to suggest Mr. Quintero's alleged 2017 representations were false, misleading, or deceptive. As discussed, Mr. Merrick's alleged (and vaguely described) 2020 email raises nothing beyond a speculative inference that Mr. Quintero's alleged 2017 representations were wrongly made. This claim should be dismissed for failure to state a plausible DTPA claim. *See Edomwande v. Allstate Ins. Co.*, No. 3:10-CV-1806-M, 2011 WL 609887, at \*5 (N.D. Tex. Jan. 20, 2011).

### F. Plaintiffs do not plead their claim with particularity.

Plaintiffs' DTPA claim relies on the same facts as their fraudulent inducement claim, so it is likewise subject to Rule 9(b)'s particularity requirement. *R.P. Small*, 505 F. Supp. 3d at 717. For the same reasons discussed regarding fraudulent inducement, Plaintiffs fail to plead their DTPA claim with the requisite particularity.

## IV. Breach of Contract

Plaintiffs' breach of contract claim adds no new allegations distinct from their first claim for breach of warranty. "Breach of contract and warranty claims are distinct causes of action under Texas law and provide for different remedies, and Texas law forbids conflating breach of warranty and breach of contract." *Baker Hughes Process & Pipeline Servs., L.L.C. v. UE Compression, L.L.C.*, 938 F.3d 661, 666 (5th Cir. 2019). "Damages are only permitted under a breach of contract cause of action when the seller has failed to deliver the goods, the buyer has rejected the goods, or the buyer has revoked his acceptance." *Id.* at 666-67. "If a buyer retains and uses, alters, or changes the goods, it will be found to have accepted them." *Id.* at 667.

Plaintiffs do not allege that Mueller Systems failed to deliver the water meters, that Plaintiffs rejected the meters, or that Plaintiffs revoked acceptance of the meters. To the contrary, Plaintiffs allege they are continuing to use Mueller Systems' meters. Doc. 9, ¶ 20. "The gravamen" of Plaintiffs' claim is that Mueller Systems delivered "nonconforming" meters, which "is best understood as a breach of warranty claim," not a breach of contract claim. *Baker Hughes*, 938 F.3d at 667. In fact, the only contractual provision underlying Plaintiffs' breach of contract claim is the same express warranty already underlying their breach of warranty claim. Doc. 9, ¶¶ 22, 47. Plaintiffs' breach of contract claim should be dismissed as improperly asserting a warranty claim under the guise of a contract claim. *See id.*

## V.  Unjust Enrichment

Plaintiffs' unjust enrichment claim acknowledges Plaintiffs entered into the Contracts with Mueller Systems for the water meters, but nevertheless seeks equitable relief. This claim likewise fails.

### A.  The Contracts preclude unjust enrichment.

Unjust enrichment "is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001). In such a case, an "unjust enrichment claim is properly dismissed." *Curtis*, 621 B.R. at 177. As Plaintiffs even acknowledge (Doc. 9, ¶ 52), the Contracts govern "the subject matter of the dispute." *See Coghlan*, 240 F.3d at 454; **Ex. 1**, p. 3; **Ex. 2**, p. 3. Plaintiffs, therefore, have no claim for unjust enrichment. *See Coghlan*, 240 F.3d at 454; *Curtis*, 621 B.R. at 177.

### B. Plaintiffs fail to sufficiently plead fraud.

To "survive a motion to dismiss on an unjust enrichment claim, a plaintiff must plead facts sufficient to lead to the plausible inference that the defendant obtained a benefit from the plaintiff ***by fraud, duress, or the taking of an undue advantage***." *Matter of Connect Transp., L.L.C.*, 825 Fed. App'x 150, 154 (5th Cir. 2020) (emphasis added). Plaintiffs allege only fraud. However, Plaintiffs' allegations of fraud are insufficient for several reasons addressed above. As the "fraud" basis of Plaintiffs' unjust enrichment claim is insufficient, their unjust enrichment claim fails as well. *See id.*

### C. This claim is time-barred.

Plaintiffs' unjust enrichment claim is subject to a two-year statute of limitations. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007). An unjust enrichment claim begins to accrue when "the money is paid." *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 846 (S.D. Tex. 2018). Plaintiffs began paying Mueller Systems in 2017. Doc. 9-2, p. 5; **Ex 1**, p. 12-13; **Ex. 2**, p. 12. Plaintiffs did not file their Petition until five years later. Doc. 1-2.

Plaintiffs unsuccessfully attempt to invoke the discovery rule. Doc. 9, ¶ 72. The discovery rule can defer a claim's accrual "until the plaintiff knows, or by exercising reasonable diligence, should know of the facts giving rise to the claim." *Ross*, 2022 WL 100110, at *5. But the "discovery rule is a very limited exception and applies only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable, meaning it is unlikely to be discovered … despite due diligence." *Id.* By Plaintiffs' own admission, their harm was discoverable by April 2020 at the latest (based

on Mr. Merrick's alleged email), if not earlier in 2019 (when Plaintiffs allegedly began experiencing issues). Doc. 9, ¶ 14; Doc. 9-2, p. 4. Thus, Plaintiffs' unjust enrichment claim is time-barred. *See Ross*, 2022 WL 100110, at *6.

## VI. Negligence

Plaintiffs' negligence claim alleges Mueller Systems breached its duties to Plaintiffs by providing allegedly defective water meters and allegedly inadequate services in connection with installing and replacing the meters. Plaintiffs seek damages for "remediation costs, repair costs, loss of use, lost revenue, lost efficiency, and loss of trust of the Districts' customers." Doc. 9, ¶ 58. As detailed below, Plaintiffs' negligence claim fails.

### A. The economic loss rule applies.

Plaintiffs' negligence claim cannot survive the economic loss rule, which "bars plaintiffs from recovering economic losses resulting from a defective product based on a negligence theory." *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008). The economic loss rule likewise bars claims based on negligent performance of obligations arising out of a contractual relationship. *Tristani v. OptionSellers.com, Inc.*, No. 6:19-cv-585, 2021 WL 2099313, at *5-*6 (E.D. Tex. Apr. 5, 2021). As Plaintiffs seek only economic losses resulting from the allegedly defective water meters and/or allegedly inadequate services arising out of the Contracts, Plaintiffs' negligence claim is barred by the economic loss rule and should be dismissed.

### B. This claim is time-barred.

Plaintiffs' negligence claim is subject to a two-year statute of limitations. *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 354-55 (5th Cir. 2008). "Generally, a negligence claim accrues when the defendant's negligent conduct causes any legal injury for which the claimant may obtain legal relief." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 (Tex. 2021). Again, Plaintiffs rely on the discovery rule to avoid the statute of limitations. Doc. 9, ¶ 72. As discussed, by April 2020—if not earlier in 2019—Plaintiffs discovered, or at least should have discovered through reasonable diligence, their alleged injury. *See Cornerstones*, 889 S.W.2d at 576. Either way, Plaintiffs' August 2022 Petition was filed more than two years later and is time-barred.

### VII. Negligent Misrepresentation

Plaintiffs' negligent misrepresentation claim relies on the same allegations as their fraudulent inducement and negligence claims, and fails for much the same reasons.

### A. Plaintiffs plead only puffery.

Statements of puffery cannot support a negligent misrepresentation claim. *JT Bros.*, 2022 WL 800183, at *4. Because Plaintiffs allege nothing more than puffery, their negligent misrepresentation claim should be dismissed.

### B. The economic loss rule applies.

The economic loss rule bars Plaintiffs' negligent misrepresentation claim for the same reason as their negligence claim. *See W. Plains*, 2020 WL 11564114, at *4.

### C. This claim is time-barred.

Plaintiffs' negligent misrepresentation claim is subject to a two-year statute of limitations. *TIG Ins. Co.*, 521 F.3d at 354-55. The discovery rule is categorically inapplicable to negligent misrepresentation claims. *Kansa Reins. Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1371 (5th Cir. 1994). Even if the discovery rule *could* apply, it does not apply under Plaintiffs' pleaded facts, and their negligent misrepresentation claim is time-barred for the same reasons as their negligence claim.

### D. Plaintiffs do not state a plausible claim.

Negligent misrepresentation "contemplates that the 'false information' provided by the defendant is a misstatement of *existing* fact." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996). Thus, like fraudulent inducement, negligent misrepresentation requires the representation was false *when made*. *Experience Infusion Ctr. LLC v. Aetna Life Ins. Co.*, No. H-17-34, 2018 WL 3589083, at *4 (S.D. Tex. May 7, 2018). As discussed, Mr. Merrick's alleged (and vaguely described) 2020 email raises nothing beyond a speculative inference that Mr. Quintero's alleged 2017 representations were false when made. Plaintiffs' claim should be dismissed for failure to state a plausible negligent misrepresentation claim. *See id.*

### E. Plaintiffs do not plead their claim with particularity.

Because Plaintiffs' negligent misrepresentation claim depends on the same facts as their fraudulent inducement claim, their negligent misrepresentation claim is likewise subject to Rule 9(b) and must be pleaded with particularity. *Campbell v. Texas Tea*

*Reclamation, LLC*, No. 3:20-CV-00090, 2021 WL 2211690, at *3 (S.D. Tex. May 6, 2021). For the same reasons Plaintiffs fail to plead their fraudulent inducement claim with particularity, they also fail to plead their negligent misrepresentation claim with particularity.

## VIII. Limitation of Liability

As discussed, ***all*** of Plaintiffs' claims, including their warranty and contract claims, should be dismissed. However, to the extent this Court allows Plaintiffs' warranty and/or contract claim to proceed, the Contracts' limitation-of-liability provision applies and provides that Mueller Systems' "maximum liability" is "the total amount paid" by Plaintiffs under the Contracts "in the immediately preceding twelve (12) months and will under no circumstance exceed" that amount. **Ex. 1**, p. 4; **Ex. 2**, p. 4.

"In Texas, contracting parties are free to specify in an agreement how damages will be calculated in the event of a breach." *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 504 (5th Cir. 2018). A "contractual provision setting an upper limit to the amount recoverable is considered a limitation of liability provision" and "is enforceable under Texas law so long as it does not violate public policy." *Curtis*, 621 B.R. at 187. The Contracts' limitation-of-liability provision is enforceable, *see id.*, and Plaintiffs do not allege otherwise. Accordingly, this Court should enforce such provision and dismiss Plaintiffs' requests for damages beyond the provision's contractual limits. *See id.* This includes, but is not limited to, Plaintiffs' requests for actual damages (to the extent they exceed the amount Plaintiffs paid in the preceding 12 months), punitive/exemplary damages, incidental and consequential damages, court costs, and interest.

## IX.    Claims Against Mueller Water

To the extent this Court allows any claims to proceed, it should nonetheless dismiss Mueller Water from the case altogether.  Plaintiffs plead, and the Contracts confirm, their relationship is with Mueller Systems, not Mueller Water.  *See e.g.,* Doc. 9, ¶¶ 9-20; **Ex. 1**, p. 1; **Ex. 2**, p. 1.  Plaintiffs' only basis for suing Mueller Water is their allegation that Mueller Systems acted as Mueller Water's "agent."  Doc. 9, ¶ 67.

While Plaintiffs allege Mueller Systems is Mueller Water's subsidiary, that Mueller Water receives revenue and profits from Mueller Systems, and that Mueller Systems has offices "located within the same suite" as Mueller Water (*id.* at ¶¶ 65, 66), such allegations are insufficient to establish an agency relationship.  *ETC Tex. Pipeline, Ltd. v. Addison Exploration & Dev., LLC*, 582 S.W.3d 823, 837-38 (Tex. App. – Eastland 2019).  Plaintiffs' allegations that Mueller Water "controls" Mueller Systems and that Mueller Systems "has the authority to act" on Mueller Water's behalf (Doc. 9, ¶ 66), are bare, conclusory allegations untethered to any facts, and as such, do not suffice.  *Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006, 2018 WL 4075722, at *4 (N.D. Tex. Aug. 27, 2018).  Without an agency relationship, Mueller Water is not liable for Mueller Systems' dealings with Plaintiffs.  *See ETC*, 582 S.W.3d at 837-38.  This Court should, therefore, dismiss all claims against Mueller Water.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss all claims in Plaintiffs' First Amended Complaint, or otherwise grant Defendants such relief as the Court deems just and proper.

Dated:          December 2, 2022                    Respectfully Submitted,

                                                    SHOOK, HARDY, & BACON, LLP

                                                    BY:  */s/ Stephanie S. McGraw*
                                                    Stephanie S.  McGraw
                                                    Texas Bar No. 24097257
                                                    SDTX Bar No. 2525862
                                                    Michella R.  Gibbs
                                                    Texas Bar No. 24103731
                                                    SDTX Bar No.  3161822
                                                    JPMorgan Chase Tower
                                                    600 Travis Street
                                                    Suite 3400
                                                    Houston, TX  77002-2911
                                                    Telephone:  713-227-8008
                                                    Facsimile:  713-227-9508
                                                    smcgraw@shb.com
                                                    mgibbs@shb.com

                                                    Jason M.  Zager (*pro hac vice to be
                                                    applied for*)
                                                    Missouri Bar No.  59432
                                                    2555 Grand Blvd.
                                                    Kansas City, MO  64108
                                                    Telephone:   (816) 474-6550
                                                    Facsimile:    (816) 421-5547
                                                    jzager@shb.com

                                                    ***Attorneys for Defendants Mueller
                                                    Systems, LLC and Mueller Water
                                                    Products, Inc.***

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 17(b) of this Court's Procedures, I hereby certify that on December 2, 2022, counsel for Defendants conferred with counsel for Plaintiffs in good faith regarding the merits of Defendants' motion to dismiss, in an attempt to resolve this matter. Counsel for Plaintiffs is opposed to Defendants' motion to dismiss.

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 18(c) of this Court's Procedures I certify that the foregoing Motion contains 4,994 words.

*/s/ Stephanie S. McGraw*
Stephanie S. McGraw

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, I filed the foregoing document with the clerk of court for the United States District Court, Southern District of Texas, Houston Division using the Court's CM/ECF filing system. I hereby certify that I have served all parties in the manner authorized by the Federal Rules of Civil Procedure, including those parties not registered as filing users of the court's e-filing system:

Heath A. Novosad
Heath@dtlawyers.com
Daniels & Tredennick, PLLC
6363 Woodway Drive, Suite 700
Houston, TX 77057
***Attorney for Plaintiffs***

*/s/ Stephanie S. McGraw*
Stephanie S.  McGraw