IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 281 and HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 282, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION 4:22-CV-3648 |
| MUELLER SYSTEMS, LLC, MUELLER SYSTEMS, LLC and MUELLER WATER PRODUCTS, INC., | § § § § § | |
| *Defendants.* | § § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

   Counsel for Plaintiffs HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 281 and HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 282 ("Plaintiffs" or "MUD") and counsel for MUELLER SYSTEMS, LLC, MUELLER SYSTEMS, LLC and MUELLER WATER PRODUCTS, INC. ("Defendants" or "Mueller") (collectively, the "Parties") met telephonically on February 7, 2023.

   Attending for Plaintiffs was Heath A. Novosad.

   Attending for Defendants were Stephanie S. McGraw and Jason Zager.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what the case is about.**

   Defendant Mueller Systems, a subsidiary of Mueller Water, manufactures, markets and sells water metering products. Plaintiffs, Harris County Municipal Utility District No. 281 and Harris County Municipal Utility District No. 282, entered into contracts with Mueller Systems for the purchase of approximately 2,000 residential water metering products. Since the purchase of the water metering products, Plaintiffs have allegedly experienced numerous performance issues with the water metering products.

   The Mueller entities dispute whether Mueller Water is a proper party in this matter.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   There are no anticipated additional parties.

7. **List anticipated interventions.**

   There are no anticipated interventions.

8.  **Describe class-action issues.**

    There are no class-action issues.

9.  **State whether each party represents that it has made the initial disclosures required by Rule26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Neither party has made their initial disclosures required by Rule 26(a). The parties intend to serve their initial disclosures within 14 days of the Court's ruling on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 13).

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    There are currently no disagreements over the form of electronic discovery. The Parties discussed document retention and the steps taken to collect and preserve relevant materials. The parties' respective views on the discovery plan are presented below.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

    The Parties contend discovery is premature until the Court rules on the pending motion to dismiss, because the Court's ruling will help define the scope of discovery. Depending on the direction given by the Court at the Initial Conference, Plaintiffs will serve interrogatories to Defendants by March 8, 2023, or a reasonable time after the Court rules on the motion to dismiss.

    C.  **When and to whom the defendant anticipates it may send interrogatories.**

    The Parties contend discovery is premature until the Court rules on the pending motion to dismiss because the Court's ruling will help define the scope of discovery. Depending on the direction given by the Court at the Initial Conference, Defendant will

serve interrogatories on Plaintiffs either by March 8, 2023 or a reasonable time after the Court rules on the motion to dismiss.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral depositions of Fred Quintero, Eric Merrick and the corporate representatives of each defendant. Plaintiffs anticipate completing these depositions by October 31, 2023.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants have not identified specific employees and representatives of Plaintiffs that they will depose because they lack sufficient information at this time. However, Defendants anticipate conducing oral depositions of employees and representatives of Plaintiffs, including a corporate representative(s), on the following topics (1) contracts between the parties, including negotiations and contract administration; (2) maintenance and related procedures for the systems; (3) repairs and modifications to the systems; (4) troubleshooting and diagnosis of alleged equipment issues; (5) personnel responsible for operating the systems, including network operation, network maintenance, field work, and warranty returns; and (6) other topics that will be identified during discovery. At this point, Defendants are unaware if any third-party depositions will be required. Defendant believes these fact witness depositions can be completed by October 31, 2023.

Defendants agree fact witness depositions will take until approximately October 31, 2023 to complete.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Based on the estimated time to complete fact witness depositions, and the parties agreement that they will need additional time after fact witness depositions are completed, the parties propose to designate expert witnesses, including providing reports required by Rule 26(a)(2)(B), as follows: Plaintiffs will designate their experts by December 8, 2023, and the Defendants will designate their experts by January 19, 2024.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

The parties anticipate all experts will be deposed, and Plaintiffs anticipate deposing Defendants' experts within 30 days after the experts are disclosed.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

The parties anticipate all experts will be deposed, and Defendants anticipate deposing Plaintiffs' experts within 30 days after the experts are disclosed.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiffs have not yet sought discovery from Defendants. Defendants have not yet sought discovery from Plaintiffs. As discussed above, the Parties contend discovery is

5

premature until the Court rules on the pending motion to dismiss because the Court's ruling will define help define the scope of discovery.

13. **State the date the planned discovery can be reasonably completed.**

    The parties agree to follow the schedule set forth in the Scheduling and Docket Control Order. The parties agree to complete fact discovery by October 31, 2023, and expert discovery can be completed by February 17, 2024.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed the advisability and timing of mediating the case.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have discussed the possibility of settlement since before suit was filed, but those discussions have not led to a resolution to date. The parties have continued to discuss the potential for an early mediation.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties have discussed mediating the case, and believe a mediation within three months after the Court rules on the pending motion to dismiss would be appropriate.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    Plaintiffs have timely made a jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties estimate they could present evidence in five trial days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #13) is currently pending.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    The parties certify each has filed their respective Disclosure of Interested Parties. Plaintiffs filed their Disclosure of Interested Parties on December 12, 2022. Defendants filed their Corporate Disclosure Statements on October 21, 2022.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

*By: /s/ Heath A. Novosad*
Heath A. *Novosad*
Texas *State* Bar No. 24037199
Mary Rodman Crawford
Texas State Bar No. 24109766
heath@dtlawyers.com
crawford@dtlawyers.com
6363 Woodway Drive, Suite 700
Houston, TX 77057
Telephone: 713-917-0024
Facsimile: 713-917-0026

**Attorneys for Plaintiffs**

*By: /s/ Stephanie S. McGraw*
Stephanie S. McGraw
Texas State Bar No. 24097257
SDTX Bar No. 2525862
Michella R. Gibbs
Texas State Bar No. 24103731
SDTX Bar No. 3161822
JPMorgan Chase Tower
600 Travis Street
Suite 3400
Houston, Texas 77002
Telephone: 713-227-8008
Facsimile: 713-227-9508

| | |
|---|---|
| **Harris County Municipal Utility District No. 281 And Harris County Municipal Utility District No. 282** | smcgraw@shb.com<br>mgibbs@shb.com<br><br>Jason M. Zager<br>(*pro hac vice to be applied for*)<br>Missouri Bar No. 59432<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>jzager@shb.com<br><br>**Attorneys for Defendants Mueller Systems, LLC and Mueller Water Products, Inc.** |

| | |
|---|---|
| */s/ Heath A. Novosad*<br>Counsel for Plaintiffs | February 8, 2023<br>Date |

| | |
|---|---|
| */s/ Stephanie S. McGraw*<br>Counsel for Defendants | February 8, 2023<br>Date |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 8, 2023.

                                 *By: /s/ Heath A. Novosad*
                                  Heath A. *Novosad*